**Ruth Giovanna Valencia PROCEL,**
**Petitioner**

v.

**ATTORNEY GENERAL OF**
**the UNITED STATES,**
**Respondent.**

No. 09–2384.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 17, 2010.

Opinion filed: March 19, 2010.

John D. Perez, Esq., Perez, Perez &
Perez, Newark, NJ, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W.
Hussey, Esq., John J.W. Inkeles, Esq.,
United States Department of Justice, Of-
fice of Immigration Litigation, Washing-
ton, DC, for Respondent.

Before: SCIRICA, Chief Judge, SMITH
and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Ruth Giovanna Valencia Procel seeks re-
view of the Board of Immigration Appeals'
("BIA") final order dismissing her appeal
of the Immigration Judge's ("IJ") denial of
her application for withholding of removal
and relief under the Convention Against
Torture ("CAT"). We will deny the peti-
tion.

Procel is a native and citizen of Ecuador.
She entered the United States on a B2 visa
in 2001 and later returned to the United
States on a second B2 visa in July 2003.
Procel overstayed her second visa and was
issued a Notice to Appear in April 2005.
In April 2007, she filed an application
seeking withholding of removal and protec-
tion under the CAT, claiming that she
fears future persecution because, as a fe-
male living in Ecuador, she would be sub-
ject to gender-based violence.[1]

In March 2008, the IJ denied Procel's
application. Although he found her testi-
mony to be credible, he concluded that the
evidence she presented did not support a
finding that she experienced past persecu-
tion, or would be subject to future persecu-
tion, on account of her gender. Procel
appealed and, in an April 2009 decision,
the BIA affirmed the IJ's ruling. Procel
filed a timely petition for review in this
Court.

This Court has authority to review final
orders of removal. See 8 U.S.C. § 1252(a).
"[W]hen the BIA both adopts the findings
of the IJ and discusses some of the bases
for the IJ's decision, we have authority to
review the decisions of both the IJ and the
BIA." Chen v. Ashcroft, 376 F.3d 215, 222
(3d Cir.2004). The BIA's factual determi-
nations are upheld if they are supported
by reasonable, substantial, and probative
evidence on the record considered as a
whole. INS v. Elias–Zacarias, 502 U.S.
478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38
(1992).

In order to obtain withholding of remov-
al, Procel bears the burden of establishing
that she would "more likely than not" suf-
fer persecution in Ecuador on account of
her race, religion, nationality, membership
in a particular social group, or political
opinion. See 8 U.S.C. § 1231(b)(3)(A); see
also Wu v. Ashcroft, 393 F.3d 418, 423 (3d
Cir.2005). This requires her to show a
"clear probability" of persecution. INS v.
Stevic, 467 U.S. 407, 429, 104 S.Ct. 2489, 81
L.Ed.2d 321 (1984). In order to establish
eligibility for withholding of removal based
on past persecution, Procel must further
demonstrate a sufficient "nexus" between
the alleged persecution she suffered and a
protected ground. See Ndayshimiye v.
Att'y Gen., 557 F.3d 124, 129 (3d Cir.2009).
While she need not demonstrate that the
protected ground was the exclusive moti-
vation behind the persecution, she must
provide some evidence of motive, whether

---

1. Procel was ineligible for asylum because she
did not file an application for such relief within one year of her arrival. See 8 U.S.C.
§ 1158(a)(2)(B).

direct or circumstantial. *See Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir.2005).

For relief under the CAT, Procel must demonstrate that it is more likely than not that she would be tortured if removed to Ecuador. *See* 8 C.F.R. § 1208.16(c)(2). Under the relevant regulation, torture means "severe pain or suffering" inflicted at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. *See* 8 C.F.R. § 1208.18(a)(1).

At her administrative hearing, Procel testified that while she lived in Ecuador, on one occasion, while working at a hotel, she was propositioned by a male guest, and that the guest was asked to leave by her supervisor. On another occasion, she testified that she was robbed by three unknown men in a park. She further testified about an incident when she was robbed by unknown men, during which she was pushed to the ground and hit with a pistol. When asked by the IJ if she had reported any of the incidents to police, Procel stated that she had not.

We find that substantial evidence supports the BIA's conclusion that Procel was unable to establish a sufficient nexus between the attacks she described and a protected ground. The evidence that Procel presented does not support a finding that her attackers sought to harm her on account of her identifying characteristics. Rather, it appears that she was the victim of criminal acts not linked to any enumerated ground. At her administrative hearing, Procel admitted that her brother had also been the victim of a robbery, supporting the conclusion that the violence that Procel experienced stemmed from what appears to be a generalized crime problem in Ecuador. *See Abdille v. Ashcroft*, 242 F.3d 477, 494–95 (3d Cir.2001) (mere generalized lawlessness and violence between diverse populations is not sufficient to grant asylum).

Moreover, even if Procel had been able to demonstrate a nexus, she did not show that authorities were unable or unwilling to investigate or control the attacks she endured. *See Lie v. Ashcroft*, 396 F.3d at 537–38 (stating "as with any claim of persecution, violence or other harm perpetrated by civilians ... does not constitute persecution unless such acts are 'committed by the government or forces the government is either 'unable or unwilling' to control.'"). Procel did not give the police an opportunity to investigate her attackers, and she produced no evidence that they were unwilling to do so in her case.

Finally, the BIA did not err when it concluded that Procel did not establish a basis for relief under the CAT, as she did not demonstrate that it is more likely than not that she would be tortured if returned to Ecuador. Accordingly, we will deny the petition for review.